IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| IN RE: | Bankruptcy No. 14-22073-CMB |
| CRAIG DEVON MURPHY, | Chapter 7 |
| Debtor. | Related to Doc. Nos. 30 & 40 |
| CRAIG DEVON MURPHY, | |
| Plaintiff, | Adversary No. 14-2155-CMB |
| v. | Related to Doc. Nos. 104 & 120 |
| U.S. DEPARTMENT OF EDUCATION, | |
| Defendant. | |

### MEMORANDUM OPINION

The matters before the Court are Craig Devon Murphy's *Motion to Reopen Chapter 07 Case and Adversary Proceeding* ("Motion to Reopen") and *Motion to Recuse*.[1] Within the Motion to Reopen, Mr. Murphy seeks to reopen his bankruptcy case so that he may pursue an appeal with respect to the above-captioned adversary proceeding. In opposition, the United States, the defendant in the adversary proceeding, filed a response. Thereafter, Mr. Murphy filed a reply. Several days before oral argument was scheduled to be heard on the Motion to Reopen, Mr. Murphy filed the Motion to Recuse, which was opposed by the United States. Following the United States' objection and a response thereto by Mr. Murphy, oral argument was held on both

---

[1] This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§157 and 1334, and this is a core matter.

1

matters on March 31, 2016. For the reasons stated herein, the Motion to Reopen and the Motion to Recuse will be denied.

## Background and Procedural History

On May 22, 2014, Mr. Murphy filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. On July 15, 2014, he commenced the above-captioned adversary proceeding seeking discharge of the debt resulting from a number of educational loans. Ultimately, both Mr. Murphy and the United States filed motions for summary judgment in that proceeding.

On August 13, 2015, this Court issued a Memorandum Opinion setting forth the factual background, the summary judgment standard, analysis, and conclusion that the United States' motion for summary judgment must be granted and Mr. Murphy's motion for summary judgment must be denied. *See* Adv. No. 14-2155, Doc. No. 99. The Memorandum Opinion provided that "[a]n Order will be entered consistent with this Memorandum Opinion." Accordingly, an Order was entered on August 13, 2015 ("August 13th Order") as follows:

> **AND NOW**, this 13th day of August, 2015, upon consideration of the *United States' Motion for Summary Judgment* ("United States' Motion") and *Plaintiff's Motion for Summary Judgment and Memorandum in Support* ("Plaintiff's Motion"), the responses, memoranda, exhibits, matters of record, the arguments presented at the hearing on July 28, 2015, and for the reasons expressed in the Memorandum Opinion entered on this date,
> It is hereby **ORDERED, ADJUDGED,** and **DECREED** that:
> 1. The Plaintiff's Motion is **DENIED**.
> 2. The United States' Motion is **GRANTED**.
> 3. Plaintiff's educational loan debt is not dischargeable.
> 4. This Order resolves the above-captioned adversary proceeding.

*See* Adv. No. 14-2155, Doc. No. 100. With respect to both the Memorandum Opinion and August 13th Order, the docket reflects that notice was provided to Mr. Murphy by first class mail. *See* Adv. No. 14-2155, Doc. Nos. 101 and 102. On August 31, 2015, the adversary

proceeding was closed. On September 2, 2015, an Order granting Mr. Murphy a discharge under 11 U.S.C. §727 was entered on the docket of the bankruptcy case. Shortly thereafter, on September 23, 2015, the bankruptcy case was closed.

Several months later, on **January 19, 2016**, Mr. Murphy filed his Motion to Reopen with respect to the bankruptcy case and adversary proceeding for the purpose of pursuing an appeal. In accordance with this stated intention, Mr. Murphy also filed a *Notice of Appeal* on the docket of the adversary proceeding with respect to this Court's Memorandum Opinion and August 13th Order.[2] The United States filed a response opposing the Motion to Reopen, and Mr. Murphy filed a reply thereto. Oral argument was scheduled to be heard on February 23, 2016.

On February 19, 2016, Mr. Murphy filed the Motion to Recuse, seeking recusal of the Undersigned and, as will be addressed herein, other Judges who purportedly participated in the Memorandum Opinion. As the Motion to Recuse was filed only several days before the hearing on the Motion to Reopen, the Court called the case on February 23, 2016, in order to determine how to proceed in light of the newly filed motion. At Mr. Murphy's request for the Motion to Recuse to be heard at a later date, oral argument on both motions was scheduled for a future date. Following the filing of the *United States' Objection to Plaintiff's Motion to Recuse*, oral argument was rescheduled for a second time at Mr. Murphy's request. Mr. Murphy then filed *Plaintiff'[s] Response to the United States' Objection to Plaintiff's Motion to Recuse*. Oral argument was held on March 31, 2016 on the pending motions. The matters are now ripe for decision.

---

[2] The Court notes that, since the filing of the *Notice of Appeal*, Mr. Murphy has filed his Statement of Issues on Appeal, Designation of the Items to be Included in the Record on Appeal, and Brief for the Appellant. *See* Adv. No. 14-2155, Doc. Nos. 113, 114, and 116.

## **Motion to Recuse**

In the event that recusal is appropriate, the Undersigned will not render a decision on the Motion to Reopen. Accordingly, the Court begins by considering the Motion to Recuse. As a preliminary matter, the Motion to Recuse is not limited to the Undersigned. Mr. Murphy cites to the following text of the Memorandum Opinion as an indication that other Judges participated in the decision: "This Court would reach the same conclusion: the educational loan debt would nonetheless be nondischargeable." *See* Memorandum Opinion, at 8, n.9. Although Mr. Murphy appears to take issue with the reference to *this Court*, no other Judges participated in the decision and/or the drafting of the Memorandum Opinion and August 13th Order. Judges frequently use the phrase "this Court" to refer to themselves and such reference does not, in any way, provide a basis for recusal.

Mr. Murphy alleges that the Undersigned has demonstrated bias against him and asserts that recusal is appropriate pursuant to 28 U.S.C. §455(a), which provides as follows: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Under this provision, actual bias or prejudice need not be established; rather, the appearance of bias or prejudice must be demonstrated based on an objective standard. *See In re Smalis*, No. 05-31587-CMB, 2015 WL 9957397, at *4 (Bankr.W.D.Pa. Sept. 14, 2015). Rarely will judicial rulings alone provide a sufficient basis for recusal. *See id.* at *5.

Upon review of the Motion to Recuse, Mr. Murphy relies primarily upon this Court's prior rulings and orders as a basis for recusal. Mr. Murphy may disagree with the Court's application of the law and rulings; however, this disagreement is not cause for disqualification. Furthermore, to the extent Mr. Murphy contends that the scheduling order dated April 20, 2015,

4

was intended to favor the United States, a review of that Order and the record does not support his conclusion. The Order did not extend time in favor of one party and to the detriment of another. The language of the Order is frequently used to set deadlines and assist with the orderly processing of motions for summary judgment. Furthermore, the fact that Mr. Murphy seeks to reopen the case to appeal the August 13th Order does not create the appearance of bias. In the event Mr. Murphy disagrees with the Court's ruling, he may pursue an appeal. Nothing has been demonstrated that would require recusal in this case.

Accordingly, upon review of the record, as there is simply no basis upon which the impartiality of the Undersigned might reasonably be questioned, the Court will consider Mr. Murphy's Motion to Reopen.

## **Motion to Reopen**

Pursuant to 11 U.S.C. §350(b), "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." The burden is on the movant to demonstrate that the case should be reopened. *See In re Janocha*, No. 06-20191JAD, 2015 WL 128152, at *2 (Bankr.W.D.Pa. Jan. 8, 2015). Where it is futile or a waste of judicial resources to reopen the case, including when the movant cannot ultimately obtain the substantive relief which he seeks, there is no reason to grant the motion. *See id.* In determining whether it is appropriate to reopen a case, the bankruptcy court has broad discretion. *See id.* With this standard in mind, the Court considers Mr. Murphy's Motion to Reopen.

The Motion to Reopen provides little more than a bare-bones request to reopen the case so that Mr. Murphy may pursue his appeal. In response, the United States opposed the request to reopen. According to the United States, as the deadline to appeal has passed, there is no purpose served by reopening the bankruptcy case. In his reply, Mr. Murphy contends to the contrary.

5

Specifically, Mr. Murphy asserts that the Court did not comply with the requirements of Fed.R.Civ.P. 58 for entering judgment as a separate document in the adversary proceeding. Due to this alleged failure, it is Mr. Murphy's position that his time to appeal was extended based upon applicable rules rendering his appeal timely.

The time for filing a notice of appeal is governed by Fed.R.Bankr.P. 8002. Generally, "…a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." *See* Fed.R.Bankr.P. 8002(a)(1). In this case, no extension of the time to appeal was sought or granted pursuant to Fed.R.Bankr.P. 8002(d). It is undisputed that Mr. Murphy did not seek to appeal within fourteen days from this Court's August 13th Order; however, citing to Fed.R.Civ.P. 58, Mr. Murphy contends that his Notice of Appeal is nonetheless timely.

Pursuant to Fed.R.Bankr.P. 7058, Fed.R.Civ.P. 58 is applicable to adversary proceedings. The rule provides that, with exceptions not relevant here, "[e]very judgment and amended judgment must be set out in a separate document . . . ." *See* Fed.R.Civ.P. 58(a). To determine when judgment is entered, Rule 58 distinguishes between when a separate document is required and when it is not required. *See* Fed.R.Civ.P. 58(c). When a separate document is required, then entry is deemed to occur when the judgment is entered on the docket "and the earlier of these events occurs: (A) it is set out in a separate document; or (B) 150 days have run from the entry in the civil docket." *See* Fed.R.Civ.P. 58(c)(2).

As Mr. Murphy contends that a separate document was not entered by this Court, he relies upon Fed.R.Civ.P. 58(c)(2) in support of his argument that he filed a timely appeal. In other words, Mr. Murphy asserts that judgment was not deemed to be entered until one hundred fifty days from August 13, 2015, such that the time to appeal would not expire until fourteen

days from January 10, 2016, i.e., January 24, 2016. Accordingly, under Mr. Murphy's analysis, his Notice of Appeal filed on January 19, 2016, would be timely and reopening would be warranted. This Court disagrees.

Notably, the Third Circuit has set forth the criteria to meet the separate document requirement: "first, the order must be self-contained and separate from the opinion; second, the order must note the relief granted; and third, the order must omit (or at least substantially omit) the . . . reasons for disposing of the parties' claims." *See In re Cendant Corp. Secs. Litig.*, 454 F.3d 235, 241 (3d Cir. 2006). In addition, whether an order is referred to as an order or judgment is a distinction without a difference. *Id.*

In this case, the August 13th Order was self-contained and separate from the Memorandum Opinion. The language of the Memorandum Opinion specifically contemplates a separate document as it provides that "[a]n Order will be entered consistent with this Memorandum Opinion." *See* Adv. No. 14-2155, Doc. No. 99, at 18. Each document is separately captioned and paginated. The Memorandum Opinion and August 13th Order are docketed separately. The Clerk's time stamp reflects that the Memorandum Opinion was filed on "8/13/15 12:54 pm" whereas the August 13th Order shows that it was filed "8/13/15 12:59 pm." Furthermore, the August 13th Order sets forth the relief granted by denying Mr. Murphy's motion for summary judgment, granting the United States' motion for summary judgment, and providing that the debt is not dischargeable. As the reasoning for the disposition was set forth in the separately docketed Memorandum Opinion, the reasoning was not restated in the Order. Further clarifying the impact of the August 13th Order, it provided that "[t]his Order resolves the above-captioned adversary proceeding." Therefore, the August 13th Order satisfied the

applicable criteria to qualify as a separate document, and judgment was entered on August 13, 2015.

Based upon the foregoing, Mr. Murphy failed to file a timely notice of appeal. The consequence of an untimely appeal has been addressed by the Third Circuit. Significantly, the time to file a bankruptcy appeal is jurisdictional thus depriving reviewing courts of jurisdiction over an untimely appeal. *See In re Caterbone*, 640 F.3d 108, 109, 113 (3d Cir. 2011). Therefore, Mr. Murphy cannot pursue an appeal of the August 13th Order. As that is the relief Mr. Murphy ultimately seeks, reopening this bankruptcy case would be futile and a waste of judicial resources. Under these circumstances, denial of the Motion to Reopen is appropriate.

## Conclusion

Based upon the foregoing, there being no basis for disqualification, the Motion to Recuse is denied. Accordingly, the Undersigned considered Mr. Murphy's Motion to Reopen. Having found that Mr. Murphy failed to meet his burden, the Motion to Reopen is also denied. An Order will be entered consistent with this Memorandum Opinion.

Date: April 7, 2016                                         /s/ Carlota M. Böhm
                                                            Carlota M. Böhm
                                                            United States Bankruptcy Judge

FILED
4/7/16 9:28 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

**MAIL TO:**

Office of the United States Trustee

Jill Locnikar, Esq.

Craig Devon Murphy
117 Friendship Street
Duquesne, PA 15110