**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE:** | ) | **Bankruptcy No. 14-22073-CMB** |
| | ) | |
| **CRAIG DEVON MURPHY,** | ) | **Chapter 7** |
| | ) | |
| Debtor. | ) | **Related to Doc. No. 55** |
| | ) | |
| | ) | |
| **CRAIG DEVON MURPHY,** | ) | |
| | ) | |
| Plaintiff, | ) | **Adversary No. 14-2155-CMB** |
| | ) | |
| v. | ) | **Related to Doc. No. 136** |
| | ) | |
| **U.S. DEPARTMENT OF EDUCATION,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

The matter before the Court is *Plaintiff's Motion to Alter or Amend Judgment* ("Motion") filed by Craig Devon Murphy in the above-captioned case and adversary proceeding.[1] The United States filed a response thereto, and Mr. Murphy filed a reply. A hearing was held on July 15, 2016. Upon consideration of the foregoing and for the reasons stated herein, the Motion will be denied.

**Background and Procedural History**

Most of the relevant background and procedural history is set forth in this Court's Memorandum Opinion dated April 7, 2016 ("April 7th Opinion") and will not be restated herein.

---

[1]    As the Motion relates to this Court's denial of Mr. Murphy's requests to reopen the case and for recusal, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§157 and 1334, and this is a core matter.

The Court writes primarily for the parties who are familiar with the bankruptcy case and related adversary proceeding.

By Order dated April 7, 2016 ("April 7th Order"), for the reasons expressed in the April 7th Opinion, this Court denied Mr. Murphy's (1) motion to recuse and (2) request to reopen the bankruptcy case to enable him to pursue an untimely appeal. Accordingly, the bankruptcy case and adversary proceeding remain closed.[2] Thereafter, on April 18, 2016, Mr. Murphy filed the Motion seeking reconsideration of the Court's decision. Following a response by the United States, Mr. Murphy filed a reply on May 20, 2016. Mr. Murphy did not, however, appear at the hearing on May 23, 2016, nor did he contact the Court in advance of the hearing to explain his absence. Despite his failure to appear, the Court showed leniency and rescheduled the hearing in an effort to provide Mr. Murphy with a full and fair opportunity to present his Motion.[3] Following the hearing on July 15, 2016, the matter was taken under advisement.

**Analysis**

Within the Motion, Mr. Murphy seeks reconsideration and alteration and amendment of the Court's April 7th Order pursuant to Fed.R.Civ.P. 59, made applicable to bankruptcy cases by

---

[2]     To the extent clarification may be helpful, the Court notes that the bankruptcy case was closed on September 23, 2015. On January 19, 2016, Mr. Murphy filed a motion to reopen the case and a Notice of Appeal of the Court's August 13, 2015 Order ("August 13th Order"). As the case was closed, the Clerk did not immediately transmit the Notice of Appeal to the District Court. This Court has previously acknowledged the jurisdictional significance of an open case versus a closed case. *See In re Solomon*, No. 09-22585-TPA, 2013 WL 166225, at *3 (Bankr.W.D.Pa.  Jan. 15, 2013). As such, the Court routinely requires the reopening of a case prior to taking further action. It is not clear how this practice infringed upon the rights of Mr. Murphy as a decision to deny reopening is subject to appeal. Accordingly, Mr. Murphy retained the ability to seek review of the Court's decision denying reopening (and *ultimately* review of the August 13th Order should his case be reopened). Notwithstanding the foregoing, as Mr. Murphy is pro se and may be unaware of how to proceed, the Clerk will transmit Mr. Murphy's untimely Notice of Appeal to the District Court to the extent the District Court has jurisdiction to consider it.

[3]     Notably, this is not the first time that Mr. Murphy failed to appear for a hearing before this Court. Mr. Murphy failed to appear on September 4, 2014; November 13, 2014; December 18, 2014; and July 1, 2015. On such occasions, the Court has, to the detriment of opposing counsel, recalled the case later on the Court's calendar and/or rescheduled the hearings for Mr. Murphy's benefit.

Fed.R.Bankr.P. 9023. In order to obtain relief pursuant thereto, Mr. Murphy must rely upon one

of the following: "(1) an intervening change in controlling law; (2) the availability of new

evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v.*

*Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*,

52 F.3d 1194, 1218 (3d Cir. 1995)). Mr. Murphy contends that his arguments fall within the first

and third categories.

In support of his request for reconsideration, Mr. Murphy first asserts that Fed.R.Bankr.P.

8002(a)(1), which provides a fourteen-day period within which to file a notice of appeal, does

not speak in jurisdictional terms. Therefore, he concludes that a court is not deprived of authority

to hear a case based on the deadline provided. To the contrary, as set forth in the April 7th

Opinion, the Third Circuit held that the time to file a bankruptcy appeal is jurisdictional. *See In*

*re Caterbone*, 640 F.3d 108 (3d Cir. 2011).[4]

Despite Mr. Murphy's argument to the contrary, while addressing the applicability of the

Third Circuit's holding in *Caterbone* in the April 7th Opinion, this Court did not assume the role

of an appellate court. The matter before the Court was a motion to reopen the bankruptcy case.

The timeliness of the appeal was considered within that context; specifically, the Court

considered whether reopening the case would be futile and a waste of judicial resources. There

has been no violation of Mr. Murphy's rights. Furthermore, the Court noted within the April 7th

---

[4]      Although it appears that Mr. Murphy cites to *United States v. Kwai Fun Wong*, 135 S. Ct. 1625 (2015), to suggest that the holding in *Caterbone* has been overruled, the case does not address the applicable rule and statute. Furthermore, the Third Circuit continues to cite and apply *Caterbone* in reference to the holding that the "14-day time limit is mandatory and jurisdictional." *See In re Coppedge*, 619 F.App'x 57, 58 (3d Cir. 2015).

Opinion that, if Mr. Murphy disagrees with the decision, he may file an appropriate appeal.[5]

In addition, Mr. Murphy raises arguments that he previously raised. While it is clear that Mr. Murphy disagrees with the reasoning set forth in the April 7th Opinion and the entry of the April 7th Order, he failed to establish that relief pursuant to Fed.R.Civ.P. 59 is appropriate. Mr. Murphy did not demonstrate an intervening change in controlling law, new evidence, or a need to correct a clear error of law or prevent manifest injustice. As no basis for reconsideration under Fed.R.Civ.P. 59 has been established, the Motion must be denied.

### Conclusion

Based upon the foregoing, there being no basis for reconsideration, the Motion is denied. An Order will be entered consistent with this Memorandum Opinion. Nevertheless, the Clerk will transmit the Notice of Appeal.

Date: July 21, 2016                                             /s/ Carlota M. Böhm
                                                               Carlota M. Böhm
                                                               United States Bankruptcy Judge

**MAIL TO:**

Office of the United States Trustee

Jill Locnikar, Esq.

Craig Devon Murphy
117 Friendship Street
Duquesne, PA 15110

FILED
7/21/16 2:57 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

---

[5]   *See* April 7th Opinion, at 5 ("Furthermore, the fact that Mr. Murphy seeks to reopen the case to appeal the August 13th Order does not create the appearance of bias. In the event Mr. Murphy disagrees with the Court's ruling, he may pursue an appeal."). Instead of filing a notice of appeal, Mr. Murphy filed the instant Motion.

4